UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-CIV-80582-BLOOM/Valle

TESSA BRAY,

    Plaintiffs,

v.

ARTIZAN FLATBREAD COMPANY, LLC,
LAWRENCE SCHULSINGER, and
ALAIN B. AMIEL,

    Defendants.
_____/

## ORDER ON DEFENDANT'S MOTION TO DISMISS

This matter is before the Court upon Defendants, Artizan Flatbread Company, LLC and Lawrence Schulsinger's ("Defendants") Motion to Dismiss Count V, contained within their Answer and Affirmative Defenses. *See* ECF No. [39] at 9. The Court has reviewed the Motion, all opposing and supporting filings, and the record in this case, and is otherwise fully advised in the premises. For the reasons that follow, the Court now grants Defendants' Motion.[1]

## I. INTRODUCTION

On May 1, 2014, Plaintiff Tessa Bray ("Bray") commenced this action alleging a violation of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 216(b) (Counts I through IV), as well as breach of contract (Count V). *See* ECF No. [1]. Plaintiff Bray worked

---

[1] Defendants' Motion was filed along with their Answer on August 28, 2014, and therefore, pursuant to the Local Rules, a response was due by September 15, 2014. *See* S.D. Fla. L.R. 7.1. Plaintiff's response was untimely filed on September 18, 2014. Nonetheless, the Court accepted the response and waited the required time for a reply memorandum, which was then due on September 29, 2014. *See id.* Although no reply memorandum has been filed to date and no extension of time has been sought, the Motion was, nonetheless, ripe for adjudication after September 29, 2014. *Id.*

1

for Defendants as head chef from January 2013 to June 2013, where she was generally paid an hourly wage of $15.00.  *See id.*  According to the Complaint, during one or more workweeks, Defendants failed to compensate her appropriately under the "agreement."  *Id.* at ¶¶ 54.  However, Plaintiff does not attach any document containing the terms of the "agreement" named in the Complaint.  Defendants seek dismissal of Count V, asserting that the Complaint fails to set forth sufficient facts to demonstrate the existence of a contract.  *See* ECF No. [39] at 9.

## II. LEGAL STANDARD

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  While a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation").  Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)).  The Supreme Court has emphasized "[t]o survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Twombly*, 550 U.S. at 570).  When reviewing a motion to dismiss, a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff.  *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002).

### III. DISCUSSION

In order to state a claim for breach of contract under Florida law, a plaintiff must show (1) the existence of a valid contract, (2) a material breach of the contract, and (3) damages. *Beck v. Lazard Freres & Co., LLC*, 175 F.3d 913, 914 (11th Cir. 1999) (citing *Abruzzo v. Haller*, 603 So. 2d 1338, 1340 (Fla. 1st DCA 1992)); *see also Zarrella v. Pac. Life Ins. Co.*, 755 F. Supp. 2d 1231, 1241 (S.D. Fla. 2011) (citation omitted). Plaintiff's allegations specifically relating to a purported breach of contract read, in their entirety,

> 51. Plaintiff worked for Defendants as the head chef.
>
> \* \* \*
>
> 53. Plaintiff was paid at a rate of $15.00 per hour.
>
> 54. During one or more workweeks, ARTIZAN FLATBREAD COMPANY LLC did not pay Plaintiff the full wages owed *in violation of the agreement*.
>
> 55. Plaintiff was unlawfully denied the full wages owed *in violation of the agreement*.
>
> 56. By reason of the unlawful acts of ARTIZAN FLATBREAD COMPANY LLC, Plaintiff has suffered damages and will continue to incur costs and attorneys' fees.

*See* ECF No. [1] at ¶¶ 51-56 (emphasis added). Defendants assert that these allegations do not demonstrate the existence of a valid contract. *See* ECF No. [39] at 9. The Court agrees.

Plaintiff ambiguously alleges that she was denied full wages in violation of "the agreement" without pointing to a written agreement or making any attempt to establish the existence of an oral contract. Even when considering the factual allegations as true and accepting all reasonable inferences therefrom, it is unclear as to how a contract was created between the parties. The Supreme Court has stressed that while a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions." *Twombly*, 550

U.S. at 555. Accordingly, Count V of the Complaint must be dismissed. However, Plaintiff will be permitted an opportunity to amend. *See Stevens v. Premier Cruises, Inc.*, 215 F.3d 1237, 1239 (11th Cir. 2000) ("A district court, before dismissing a complaint with prejudice because of a mere pleading defect, ordinarily must give a plaintiff one opportunity to amend the complaint and to cure the pleading defect.").

## IV. CONCLUSION

For the aforementioned reasons, it is hereby **ORDERED AND ADJUDGED** that Defendants, Artizan Flatbread Company, LLC and Lawrence Schulsinger's Motion to Dismiss Count V, contained within their Answer and Affirmative Defenses, **ECF No. [39] at 9**, is **GRANTED**. Counts V of the Complaint is **DISMISSED WITHOUT PREJUDICE**. Plaintiff shall have until **October 15, 2014** to file an Amended Complaint containing the guidance provided herein.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 1st day of October, 2014.

_____
BETH BLOOM
UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of Record