UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-CIV-80582-BLOOM/Valle

TESSA BRAY,

   Plaintiffs,

v.

ARTIZAN FLATBREAD COMPANY, LLC,
LAWRENCE SCHULSINGER, and
ALAIN B. AMIEL,

   Defendants.
  _____/

## ORDER ON DEFENDANT'S MOTION TO DISMISS

This matter is before the Court upon Defendant Alain B. Amiel's Motion to Dismiss, ECF No. [49].  The Court has reviewed the Motion, all opposing and supporting filings, and the record in this case, and is otherwise fully advised in the premises.  For the reasons that follow, the Court now grants the motion in part, and denies in part.[1]

### I. INTRODUCTION

On May 1, 2014, Plaintiff Tessa Bray ("Plaintiff") commenced this action alleging violations of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 216(b), both individually (Counts I and III), and on behalf of those similarly situated (Counts II and IV), as well as breach of contract (Count V).  *See* ECF No. [1].  Plaintiff worked for Defendants as head chef from January 2013 to June 2013, where she was generally paid an hourly wage of $15.00.

---

[1] Defendants' Motion was filed on September 22, 2014.  *See* ECF No. [49].  Plaintiff then filed her response on October 6, 2014.  *See* ECF No. [56].  Pursuant to the Local Rules, a reply was due on October 16, 2014.  *See* S.D. Fla. L.R. 7.1.  Although no reply memorandum has been filed to date and no extension of time has been sought, the Motion was nonetheless ripe for adjudication after October 16, 2014.  *Id.*

1

*See id.* According to the Complaint, during one or more workweeks, Defendants failed to compensate her appropriately under the "agreement." *Id.* at ¶¶ 54. However, Plaintiff does not attach any document containing the terms of the "agreement" named in the Complaint. Accordingly, on October 1, 2014, the Court dismissed Plaintiff's breach of contract count for failure to state a claim. *See* ECF No. [55].

Presently before the Court is Defendant Alain B. Amiel's ("Amiel") Motion, which alleges that Amiel was never Plaintiff's employer, but rather, a fellow employee of Defendant Artizan Flatbread Company, LLC. *See* ECF No. [49] at ¶¶ 4-6. Additionally, Amiel avers that because no other person has filed a written consent in this action, Plaintiff may not assert Counts II and IV, which state collective action claims. *See id.* at ¶¶ 11-14. Ultimately, Amiel seeks to have all counts dismissed with prejudice as they relate to him.

## II. LEGAL STANDARD

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). The Supreme Court has emphasized "[t]o survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). When reviewing a motion to

2

dismiss, a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002).

### III. DISCUSSION

Pointing to Defendant Artizan Flatbread Company's Articles of Organization, Defendant Amiel contends that he was not Plaintiff's employer. However, simply because an individual is not listed on the corporate statement does not indicate that the unnamed individual was not an "employer" within the meaning of the FLSA. In fact, the FLSA defines the term "employer" rather broadly, stating that the term "includes any person acting directly or indirectly in the interest of an employer in relation to an employee. 29 U.S.C. § 203(d). The Eleventh Circuit has indicated that "[w]hether an individual falls within this definition does not depend on technical or isolated factors but rather on the circumstances of the whole activity." *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1160 (11th Cir. 2008) (quoting *Hodgson v. Griffin & Brand of McAllen, Inc.*, 471 F.2d 235, 237 (5th Cir. 1973)) (internal formatting omitted). Nevertheless, Plaintiff's Complaint contains a mere one paragraph specifically relating to Defendant Amiel: "At all times material hereto, Alain B. Amiel was Plaintiff's employer as defined by law." ECF No. [1] at ¶ 9. The Court is obligated to accept this allegation as true for purposes of a motion to dismiss. However, in an abundance of caution and because this single allegation may appropriately be deemed a "naked assertion devoid of

3

further factual enhancement," *Iqbal*, 556 U.S. at 678 (citation and quotation omitted), the Court shall dismiss Counts I and III without prejudice, granting leave to amend.[2]

With respect to Plaintiff's collective action counts, Defendant Amiel contends that no other individual has sought to add themselves as a party plaintiff, and, therefore, Plaintiff cannot maintain a claim on behalf of other employees "similarly situated." *See* ECF No. [49] at ¶¶ 11-14. The FLSA provides that

> An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for *and in behalf of himself or themselves and other employees similarly situated*. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

*See* 29 U.S.C. § 216(b) (emphasis added). Accordingly, "to maintain a collective action under the FLSA, plaintiffs must demonstrate that they are similarly situated." *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1258 (11th Cir. 2008) (citing *Anderson v. Cagle's*, 488 F.3d 945, 952 (11th Cir. 2007)). Plaintiff has made sufficient allegations to withstand a motion to dismiss on this issue. To wit, Plaintiff alleges:

> 22. Plaintiff worked for Defendants as the head chef.

> \*      \*      \*

> 26. Other employees of Defendants, who were employed in the same or similar capacity as Plaintiff, and who performed the same or similar job duties and responsibilities as Plaintiff, also were not paid the full minimum wage in one or more workweeks by Defendants.

---

[2] Plaintiff does not appear to take issue with this remedy: "If the Court determines that the Complaint is deficient, or should be dismissed for failure to sufficiently allege Amiel's role as an "employer" . . .Plaintiff hereby requests that the dismissal be without prejudice, and that the Court permit a reasonable time in which to file an amended complaint." *See* ECF No. [56] at 7-9.

*See* ECF No. [1] at ¶¶ 22-29.  Further examination of whether Plaintiff can certify a class may be conducted pursuant to an appropriate motion.

## IV. CONCLUSION

For the aforementioned reasons, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Defendant Alain B. Amiel's Motion to Dismiss, ECF No. [49], is **GRANTED IN PART** and **DENIED IN PART**.

2. The Motion is **GRANTED** with respect to Counts I and III.  Accordingly, Counts I and III are **DISMISSED WITHOUT PREJUDICE**, as they relate to Defendant Amiel.  Plaintiff shall file an amended complaint within **fourteen (14) days** of the posting of this Order, **or on or before November 3, 2014**.

3. The Motion is **DENIED** with regard to Counts II and IV.

4. In the Court's prior Order on Defendant's Motion to Dismiss, ECF No. [55], the Court granted Plaintiff leave to amend with respect to Count V (breach of contract). The Court indicated that an amended complaint must be filed within fourteen days of the posting of the Order.  *See id.*  As the Order was docketed on October 1, 2014, an amended complaint was due on October 15, 2014, at the latest.  However, in their response to the instant motion, filed prior to the October 15th deadline, Plaintiff seeks to extend the time for amendment.  Thus, any amendment thereto must be submitted with Plaintiff's amended complaint **by November 4, 2014.**

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 24th day of October 2014.

_____
BETH BLOOM
UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of Record